## THE PEOPLE v. WALLACE.

In a criminal case, when the People appeal to the Supreme Court, the notice of appeal must be served on the defendant personally, if he reside in the county where the trial was had.

APPEAL from the Court of Sessions of Contra Costa County.

The defendant was indicted for perjury, and tried and convicted in the County of Contra Costa. The defendant's attorney (John F. Swift), on the trial in the Court of Sessions, resided in the City and County of San Francisco. After the jury had rendered their verdict, the Court of Sessions, on motion of defendant's attorney, arrested the judgment. From the order arresting the judgment the People appealed. The notice of appeal was served on defendant's attorney, at Sacramento, where he was temporarily sojourn-

Mulford *v.* Estudillo.

ing. The defendant, at the time, was residing in Contra Costa County.

*Attorney-General*, for Appellant.

*S. S. Wright*, for Respondent.

The mode of taking appeals in criminal cases prescribed by law, is laid down in Wood's Digest, 308, Art. 1706, Secs. 486, 488: "The motion must be served on the defendant (where the People appeal) if he resides in the county; if not, then on the attorney who appeared for him in the trial below. If such service cannot be made, then by advertisement."

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

The respondent moves to dismiss the appeal on the ground that the notice of appeal was served on his attorney, who lived out of the county, instead of on him personally, as required by the statute (Wood's Digest, 308, Sec. 488), he residing in the county at the time.

The objection is well taken, and the appeal is therefore dismissed.